Thomas L. BOWERS, Administrator of Estate of Marguerite Ann Bowers, Deceased, Plaintiff,

v.

Robert A. DeVITO, M.D., Individually and as Director, Illinois Department of Mental Health; Leroy P. Levitt, M.D., Individually and as Past Director, Illinois Department of Mental Health; Manuel dePara, M.D., Individually and as an Official of the Illinois Department of Mental Health; Carlos Castellanos, M.D., Individually and as Clinical Director of the Madden Mental Health Center; Thomas P. Benton, M.D. Individually and as In-Patient Co-Ordinator of the Subregion 9 of the Illinois Department of Mental Health; Chun C. Tsai, M.D., Individually and as Director of Family Services and Mental Health Center of Oak Park and River Forest; and C. K. Chen, M.D., Individually and as Director of Family Services and Mental Health Center of Oak Park and River Forest, Defendants.

No. 77 C 2850.

United States District Court, N. D. Illinois, E. D.

March 18, 1980.

Lester E. Munson, Smith & Munson, Ltd., Chicago, Ill., for plaintiff.

Alan E. Grischke, Christine A. Bremer, Counsel for Dept. Mental Health & Developmental Disabilities, John G. Langhenry, E. Michael Kelly, Hinshaw, Culbertson, Moelmann Hoban & Fuller, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This action arises out of the murder of Marguerite Anne Bowers by Thomas Vanda, who had been released from the custody of the Illinois Department of Mental Health

and Development Disabilities (DMHDD). Vanda, who has been diagnosed as schizoid and a borderline psychotic, has a lengthy history of violent behavior. In November, 1971, Vanda was arrested and charged with the knife-murder of a minor. On June 24, 1975, Vanda was found not guilty by reason of insanity and was committed to the Illinois Department of Mental Health. On April 2, 1976, Vanda was released from confinement at DMHDD on the certification that he no longer was dangerous to himself or to other people. Slightly more than a year later, Vanda committed the knife-murder of Marguerite Bowers.

Plaintiff, the brother of the deceased, then brought this action alleging that the defendants' negligent release of, and failure to supervise, Vanda was the cause of Marguerite Bowers' death, and thus constituted a deprivation of life without due process in violation of 42 U.S.C. § 1983. In a Memorandum Opinion dated April 3, 1978, Judge Flaum, who previously presided over this action, ruled that plaintiff's allegations were sufficient to state a claim for relief under section 1983. This ruling was reaffirmed by a Memorandum Opinion of July 12, 1979, in which the Court denied defendants' motion for summary judgment.

The sole issue raised by defendants' DeVito, Levitt, dePara, Castellanos, and Benton instant motion for summary judgment is whether plaintiff's section 1983 claim remains viable in light of the recent opinion in *Martinez v. California,* —— U.S. ——, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980). Although that case dealt with an action by a state parole board, in relevant detail it is highly similar to the instant action.[1] A male had been committed as a mentally disordered sex offender; after treatment, he was given a 1–20 year jail sentence with a recommendation that no parole be given. Nonetheless, the parole board, despite its awareness of this recommendation and the past history of the inmate, approved his

1. At the outset, the Court observes that while *Martinez* arose in the context of a decision by the state parole board, the analysis therein appears to be equally applicable to decisions by mental health departments to release patients.

parole five years after sentence. Moreover, the parole board failed to follow the normal procedures in granting his parole. Five months after his release, he murdered a 15-year old girl. Thereafter, the survivors of the deceased filed an action alleging section 1983 liability on the part of the parole board.

The Supreme Court, in affirming dismissal of the action, observed that while section 1983 is a specie of tort liability, not every injury which might be attributable to a state official is actionable thereunder. *Cf. Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). Even in cases where under tort law a state actor "could be said either to have had a 'duty' to avoid harm to his victim or to have proximately caused her death," liability under federal law cannot attach unless there is the requisite state action for the purposes of section 1983. 100 S.Ct. at 559. In *Martinez,* there had been a five-month lapse between the parolee's release and the killing. During this period, the defendants had engaged in no direct supervision of the parolee. Moreover, the Supreme Court noted that the defendants were not aware of any danger the parolee posed to the decedent over and beyond that posed to the community at large. On these facts, the Court held that "appellant's decedent's death is too remote a consequence of the parole officers' action to hold them responsible under the federal civil rights law." *Id.*

The critical inquiry in *Martinez* was whether the action of the parolee was so direct a consequence of his negligent release that it assumes the gloss of state action as required to state a claim under section 1983. As did the Supreme Court in *Martinez,* we conclude that the undisputed facts fail to establish the requisite state

action. Slightly more than one year elapsed between Vanda's release and his murder of Marguerite Bowers. As the plaintiff acknowledges, there was a failure on the part of the defendants to supervise Vanda during this period.[2] In addition, there is no evidence that the defendants were aware of any peculiar danger posed to Marguerite Bowers by Vanda's release.

Accordingly, on the basis of *Martinez* and the undisputed facts of this case, summary judgment on plaintiff's section 1983 claim is granted in favor of defendants DeVito, Levitt, dePara, Castellanos, and Benton. In addition, the Court will exercise its discretion to dismiss plaintiff's claim against these defendants under state law for wrongful death. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in the jurisdictional sense, the state claims should be dismissed as well.")[3] It is so ordered.

---

**2.** The plaintiff's argument that Illinois law imposes upon defendants the duty to supervise released mental patients misses the point. Assuming this to be true, plaintiff at most can allege that defendants' behavior gives rise to state law tort liability. As *Martinez* emphasized, however, the existence of state law tort liability does not lead inevitably to liability under section 1983. Indeed, the result in *Martinez* suggests that the very fact which might establish state law liability—the failure to supervise after release—militates against the existence of state action under section 1983.

**3.** In so doing, the Court expresses no view as to the merits of plaintiff's state law claim. Plaintiff, of course, remains free to file his state law claim in the appropriate state forum.